# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00326-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER OF DEFAULT** |
| ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| **APPROXIMATELY $5,149.00 IN U.S.** ) | |
| **CURRENCY seized from Andrew** ) | |
| **George Long on or about October** ) | |
| **21, 2020, in McDowell County,** ) | |
| **North Carolina,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture [Doc. 7].

## FACTUAL BACKGROUND

The following is a recitation of the relevant, admitted facts.[1]

On October 21, 2020, Officer Matt Huggins of the Marion, North Carolina Police Department conducted a traffic stop of a Nissan Maxima

---

[1] Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the well-pled factual allegations in the Government's Verified Complaint [Doc. 1] are deemed admitted as true.

because it had a fictitious license plate. [Doc. 1: Verified Complaint at ¶ 7]. Andrew George Long was the driver of the vehicle. [Id. at ¶ 8]. Shannon Nicole Mills was the passenger. [Id.].

During the traffic stop, Officer Huggins confirmed that the vehicle was stolen. [Id. at ¶ 9]. Mr. Long was arrested for possession of a stolen motor vehicle. [Id. at ¶ 10]. During an inventory search of the vehicle, Officer Huggins located a set of digital scales that contained a crystalline substance suspected of being methamphetamine. [Id. at ¶ 11]. Additionally, during a search incident to Mr. Long's arrest, Officer Huggins located $5,149.00 in U.S. Currency ("Defendant Currency") in Mr. Long's front pants pocket. [Id. at ¶ 12].

On October 21, 2020, a trained and certified narcotics K-9 with the McDowell County Sheriff's Office positively alerted to the presence of illegal narcotics on the Defendant Currency. [Id. at ¶ 13].

After Mr. Long's arrest, he volunteered to speak with law enforcement. [Id. at ¶ 14]. During his voluntary interview with investigators on October 21, 2020, Mr. Long admitted that he had been purchasing methamphetamine, and he identified his source of supply. [Id.]. In particular, Mr. Long stated to investigators that he had been obtaining approximately two ounces of methamphetamine at a time, and that he had

received a half-pound quantity of methamphetamine on one previous occasion. [Id. at ¶ 15].

Mr. Long has a prior conviction for possession of a controlled substance, along with several convictions for property crimes. [Id. at ¶ 16]. Ms. Mills has a prior conviction for possession with intent to distribute marijuana and a felony conviction for possession of methamphetamine. [Id. at ¶ 17].

## **PROCEDURAL BACKGROUND**

On October 29, 2021, the Government filed a Verified Complaint for Forfeiture in Rem, alleging that the Defendant Currency seized from Mr. Long is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). [Doc. 1]. On November 1, 2021, the Clerk issued a Warrant of Arrest in Rem for the Defendant Currency. [Doc. 2].

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on November 2, 2021, the Government mailed notice and a copy of the Complaint to Mr. Long and Ms. Mills. [Doc. 4]. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with

potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on November 3, 2021. [Id.]. During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency. Pursuant to Fed. R. Civ. P. 55(b)(2), the Government now requests that the Court enter a Default Judgment of Forfeiture with respect to the Defendant Currency.

## DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government

has satisfied its burden of showing that the Defendant Currency is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency.

After careful review, the Court finds that the Government has established that default judgment is appropriate.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture [Doc. 7] is hereby **GRANTED**, and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Currency identified in the Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law.

**IT IS SO ORDERED.**

Signed: July 14, 2022

Martin Reidinger
Chief United States District Judge